The next case is Nationstar v. Iliceto. Mr. Larson for the appellant, Mr. Brewer for the appellant, Mr. Larson for the appellant, Mr. Brewer for the appellant, Mr. Iliceto. Good morning. May it please the court, Michael Larson on behalf of the appellant Nationstar. Your Honors, while a debtor in bankruptcy might be able to obtain a fresh start in terms of receiving a discharge from personal liability on his or her debts, the debtor is not entitled to receive a head start. And here, Mr. Iliceto obtained a prohibited head start by obtaining the appealed order extinguishing Nationstar's mortgage lien, even though Nationstar has since 2013. Let me tell you what's bothering me about this case. I am troubled by the fact that there was not service on your client of some things. However, I mean it seems your client submitted itself to the court's jurisdiction when it filed its transfer of claim in the bankruptcy action on December 26th. And then we've got, then you filed a notice of mortgage payment change in February of 2014 and again in June and July of 2014. In the intervening time, Mr. Iliceto filed a proof of claim on your behalf, which you were served with. I understand that your position is that you were not served with a claim objection, but then the court issued an order sustaining the claim objection, which you were served with. And that was April 29th of 2014. And in that order, it said that you're not entitled to a secured claim and you're going to get only a general unsecured claim. And then that served on you. And after that, again, you filed a motion by filing a notice of mortgage payment change, as I said, in June and July of 2014. And then Mr. Iliceto files a motion to strike your February and July notices of mortgage payment change. And by the way, that is served on you. And the court grants the And it's all based on the fact that there's been found to be this unsecured claim, which is referenced in that other order that I told you about. Then we have the motion by Mr. Iliceto to approve early payoff of the fourth modification plan, which you say you did not receive, but the court then issues an order granting that motion, which is served on you in August of 2015. Still, there's no objection to any of this all the way along. Then finally, the Mr. Iliceto files a motion to extinguish the mortgage in October of 2015. And for the first time in November of 2015, we have a challenge by your client. That is a year and a half after the April 2014 order finding you to be a general unsecured creditor. And so doesn't there come a point at some time where you have waived your ability to object to this? Well, Your Honor, in this case, NationStar did timely respond because the first instance where Mr. Iliceto sought to extinguish the mortgage was in his motion to deem NationStar's mortgage extinguished and or satisfied. But that's based on the fact that previously you've been found to be an unsecured creditor. Right. And we cite cases in our briefs that stand for the proposition that liens in bankruptcy survive. The general rule is that liens in bankruptcy survive. And even in the Simmons case, the In re Simmons case, which we cite in our reply brief, in that case, the claim was treated as unsecured, but the lien still survived. So treatment of a claim as unsecured does not necessarily mean that the lien is extinguished. They're two separate matters. And we would argue that in order to extinguish the lien, to go that next step, Mr. Iliceto needed to bring an adversary proceeding. And an adversary proceeding is required when a debtor challenges the validity, priority, or extent of a lien. Two problems here. Number one, you were not served with some of the pleadings. Now, from the Spinoza case from the Supreme Court of the United States, which, by the way, I did not see you deal with that case at all in your papers. In that case, there was no summons had been served. And the court found that the whole point, the whole inquiry, is reasonably calculated to give you notice. In other words, were you on notice that somebody was trying to change your status from secure to unsecure? It's undisputed that we were not served with the objection. No, no. My question is, were you on notice? We were on notice that, well, it's undisputed we received the order on the objection. But the order just treated the claim as unsecured. It did not extinguish, it did not actually extinguish NationStar's mortgage. That order is the order on appeal. And the first time Mr. Iliceto ever sought to extinguish the mortgage was in his motion to deem NationStar's mortgage extinguished. We timely responded to that motion, raised our due process challenge and adversary proceeding argument, and then there was a hearing on that. In his objection to the claim he filed in our name, he did not actually seek for the mortgage to be extinguished. He only requested that it be disallowed or treated as unsecured. Well, let me ask you this. Let's say that for you, that there were 75 filings between that April 29, 2014, and when you filed in October. Let's say there were 75 orders that the court issues for some reason where it keeps repeating that your claim is unsecured. And it keeps striking your notices of payment change. I mean, does there not come a point at some time where you have to say something? Or, I mean, can you just go on indefinitely? And even if, let's say it wasn't even October of 2015 that you filed it. Let's say seven years go on and this is going on. I mean, does there not come a point at some time where you must live with the consequences of having received service of all of these orders and not challenge them in any way? Or does the bankruptcy court have to undo everything it's done, ignore all of the work it's put in over the last seven years, and drop everything because you haven't objected previously even though you've received service of these materials that show the nature of your interest? The court thinks it's changed? Well, I think it's important to note that the bankruptcy court in its decision noted that service, it admitted that service in this case on Nation Star was erratic. Nation Star was- The fact that, I agree, it was erratic and that's the first thing I think I noted was it troubles me that not everything was served on you. But I don't see how that erases the problem that you have, which is that while not everything was served on you, many key things were served on you. The court's order showing that the nature of your interest had been changed, that was served on you. Then the order striking your notice of payment change, that was served on you. There were multiple things that were served on you and there was no action by you. So again, my question is, how long is the court expected for this to go on with your saying nothing and then you're having a free card to play at the end of it and say erase everything that's happened before because we didn't get notice of the very first thing? Well, I think it would be different if Mr. Ilicito had sought to strike Nation Star's claims that were served on us referenced a striking or a termination of our mortgage instead of just treatment of our claim as unsecured. Because the treatment of the claim as unsecured did not necessarily mean that the mortgage is stricken. Liens pass through bankruptcy unaffected unless they're provided differently in the bankruptcy proceeding. And here, treatment of the claim as unsecured, as pointed out in this Fifth Circuit case in Simmons, did not mean that the lien in that case was voided. The lien continued. It survived bankruptcy and this court has cited Simmons and In rebatement for that same proposition. So liens survive bankruptcy. It would be different if these filings had said that this lien was going to be terminated but they did not. Look, did you make then a tactical decision or did you not have notice? Your Honor, I can't speak for what Bankruptcy Counsel did in this case. The facts are what they are. We were served with certain documents and not served with others. It may make a difference whether you had notice but you thought that tactically you didn't have to do certain things. Or whether you're taking a position that I didn't know what was happening here and therefore we didn't do anything. Well, I think it's important to note that the first time Mr. Ilicito sought to extinguish the lien was in his motion to deem the lien extinguished and we timely responded to that. You only had to file a motion one day before the hearing. We filed it three days before the hearing. So our response to the first instance of Mr. Ilicito seeking to extinguish the lien was timely and we also appeared at that hearing to contest it. So we feel that our response was timely in this case and that nothing has been waived. We have your argument. Thank you, Mr. Larson. We'll hear from Mr. Brewer. May it please the Court. Good morning, Your Honors. Stephen Brewer on behalf of Mr. Ilicito. I had actually prepared a summary of the facts that Judge Rosenbaum just went through so I don't feel the need to repeat that. One thing I do want to point out in addition to the notices that were served upon Nation Star repeatedly throughout this case is that there was also a motion to modify the Chapter 13 plan filed at Dock and Entry 128, which was along with the notice of hearing served on Nation Star. This was back in 2015 and very important in that plan, which was confirmed after notice and a hearing, no objection interposed by Nation Star. The plan provided that the claim of Nation Star related to this specific real property would be treated as a general unsecured claim. But not that it was extinguished. Correct. So here's my question then. Why couldn't Nation Star decide that we don't mind having the claim treated as an unsecured claim, but don't extinguish it? So we didn't have any objection to treating it as an unsecured claim. We just don't want it extinguished because the claim would survive bankruptcy. Generally. Generally speaking liens do pass through, they can pass through bankruptcy unaffected. In this case we have different facts because we do have a confirmed plan that binds the creditor by the confirmed plan. In advance of the confirmed plan, and I don't know that it is completely clear to the court at this point, was that in the order sustaining the objection to Nation Star, which concededly was served upon Nation Star, there was language. While it only made it an unsecured claim at that point, the debtor's discharge, prospective discharge in the future could extinguish that lien. Specifically, the order stated that the lien, the mortgage lien related to the real property held by Nation Star shall be void and ineffective upon the debtor's discharge. Then there would be no need for a motion to extinguish the lien then, right? But there was. There was, Your Honor. There was a motion. And the court, there was, and we provided Nation. And they didn't get noted. Well, why didn't the court comply with Bankruptcy Rule 3007? Doesn't 3007 require? It says a copy of the objection with notice of the hearing shall be mailed or otherwise delivered to the claimant, the debtor or debtor. Everybody gets a copy of the objection and the notice of the hearing. Did the bankruptcy court can just overlook Rule 3007? No, Your Honor. And I, frankly, I don't have an excellent answer for that question. I will say that Judge Jordan, in a recent opinion of this court, summarized what I believe is the sentiment in this case is that the bankruptcy terrain we traverse is not always pristine. And I think there were a lot of weird issues that happened in this case. But what is clear is that the bank, Nation Star here, had consistent notice of all these actions that the debtor was attempting to do to affect their lien. But they didn't have notice that the lien would be extinguished, that they were, that Losanto was treating to extinguish the lien. They just didn't notice that it was going to be treated as an unsecured claim. Right? Well, they did have notice of the order that did indicate that upon discharge, the lien would be void and ineffective. So they did have notice of that after the entry of the order. Obviously, there was no motion that that would be upon discharge. And so I think what Judge Wilson might be asking, and if he's not, I'm asking it, is, well, between the time that that order was issued that you're relying on, and when the claim, the unsecured claim was extinguished, didn't that order anticipate that the, that Nation Star would have an opportunity to convince the court that it should not extinguish the claim? And again, Nation Star had notice of the motion to... But, but didn't that, didn't that order anticipate that, is my question. Didn't the order, didn't the order that modified the plan and said that it's now, it's an unsecured claim and it will be discharged, and it will be extinguished at discharge, didn't that anticipate this idea that between the time that that order was issued, and between that time and discharge, that Nation Star would have an opportunity to challenge the extinguishment of the claim? And they certainly could have, yes. They did not. And then the debtor went and filed a motion to get his, to pay off his plan of, his confirmed Chapter 13 plan. He served the debt on Nation Star as well. They did not object to the early payoff or to the debtor's discharge. The order of discharge, are you saying the order of discharge, in a sense, implemented the order sustaining the objection? It implemented to the extent that it, at that point, invalidated the... And that, Nation Star had notice, that order was served on them. Along with the motion, the notice of hearing, no opposition was filed. They did not appear at the hearing. The judge granted the motion. On the 15th, on, uh, on September 23rd of 2015. That sounds correct, Your Honor. Okay. Your Honor, the facts, Your Honors, the facts are a little bit... What about the adversary proceeding, uh, uh, argument? Well I think that an adversary proceeding could have been maintained, but was not required under the circumstances of this case. We had a order sustaining the claim objection, which treated it as general unsecured claim, and that upon the entry of the discharge, it would be extinguished. We then had a modified Chapter 13 plan, which, as this court has held routinely, that confirmed plans bind the creditors, they bind the debtors, whether or not they accepted the plan, they voted to, uh, accept the treatment in the plan, whether they objected to the plan. None of that happened here. That's, um, under 1327, 11 U.S.C. 1327, creditors and the debtor, everyone's bound by the terms of the plan. And then when we have, um, there's, there's significant case law on the same point. Um, Iberia Bank v. Geisen, which is 11th Circuit from 2015, and Reoptical Techs, Inc., which is the 11th Circuit from 2005, um, a very important case cited in our brief was Hope v. Acorn Financial, Inc., which is the 11th Circuit in 2013, um, and, and that it deals with a very similar issue, and the court went and explained its rationale in Justice, Justice Oaks No. 2, which is an 11th Circuit case from 1990, um, and specifically, the court stated that, uh, in a Chapter 11 case, we held that certain creditors could not mount a post-confirmation challenge to the claim of another creditor because they had waived the right to object by failing to object prior to confirmation of the plan. It went on to explain how it got to that theory by analyzing a 5th Circuit case in a Chapter 13 context, which is what we have here. And, and it, the 11th Circuit characterized the 5th Circuit case by saying, quote, when the objection is based on an argument that the plan misclassified the objectionable claim, the objection must be made prior to confirmation of the plan, and the right to object is lost when the plan, I'm sorry, when the bankruptcy court confirms the plan. That all happened here. There was a confirmed plan. The bank, NationStar, had notice of the confirmed plan. They had notice of the hearing. They did not object. The confirmed, the mod, uh, the modified plan was therefore implemented as the effective plan. I guess I am, again, persuaded by the rules, the Federal Rules of Bankruptcy Procedure 7001 sub 2, uh, the parties must have an adversary proceeding to, quote, determine the validity, priority, or extent of a lien, or other interest in property, close quote, and that did not take place in this case. Correct, Your Honor. If I may, if I may go, just. That's two rules that were, that the bankruptcy judge overlooked. Well, I don't know that he overlooked them, um, in the, in the totality of what transpired in this case, and I'm going to quote again from the Hope v. Acorn financial case, where it says, two points, relying on Justice Oaks II and Simmons, we explained in Bateman, that a confirmed Chapter 13 plan has rejudicata effect, even if the plan does not, by its terms, comply with the bankruptcy code. Confirmation of a Chapter 13 plan by a bankruptcy court of competent jurisdiction in accordance with the procedural requirements of notice and hearing of confirmation is given the same effect as any district court's final judgment on the merits. You have due process satisfied here with plan confirmation. It's undisputed that they had notice of the plan, the hearing on confirmation of the plan, and that the plan implemented the debtor's ultimate claim, well, it implemented the sustained claim objection in that it was treated only as a general unsecured claim, and that upon the prospective discharge, the mortgage lien would be terminated and annulled. We have case law from this circuit that says that a confirmed plan is binding. It is the same effect as a final judgment rendered on the merits, and I think that having a final judgment on the merits, which is what we have, is sufficient to overcome the court's concern about the possibility of an adversary proceeding being filed in order to extinguish a mortgage lien. Let me just ask you something. I mean, it is troubling to me, and I don't understand why your client did not serve Nation Star with everything throughout the entire proceeding. Maybe you can explain that. Your Honor, and I think I can to some extent, this was a very, if you look through the record, it's a little bit complicated as to who owns what, when, where, why, and how. It almost seemed like a shell game to me, not being personally involved with the actual bankruptcy case, and looking back. But even so, there are times when your client said that Nation Star was served, and yet did not serve Nation Star at the address that it had filed on record with the court, and that I don't really understand. If it was referring to something earlier in the case, then I may not have a good answer for you, but one of the things I did not point out that I should make clear, and that I believe the district court did make clear, is that what Nation Star did in this case, well, in a number of cases, they had entered into a noticing agreement with the Bankruptcy Noticing Center, and this is implemented under 11 U.S.C. 342F, Section 342F of the Bankruptcy Code. It allows a creditor to designate a notice address with the Bankruptcy Noticing Center. Which it did here. They did here. Irving and Louisville? The address, it was a P.O. box, and it was... Right, it was originally in Irving, and then it went to Louisville. But the BNC doesn't notice everything. I mean, I went and pulled out all the BNC notices, and it says specifically that it every time it notices Nation Star, there's a docket entry. So you all would be aware that Nation Star was not receiving notice, or the kind of notice it was receiving, based on the BNC certificates. That's correct. And I can tell you that there was certainly some confusion on service of the initial papers. But everything that Your Honor has pointed out to you today, and that I could go through again, basically, they got notice at their designated preferred notice address, which was the P.O. box. I guess it was in Irving, Texas. I'm not sure. It later changed to Dallas, I think. I'm not sure. And just to get back to your question, there was an attorney that first appeared for U.S. Bank. We went to mediation with Bank of America as the servicer for U.S. Bank, and during the process was advised that something was transferred, either servicing or the loan itself was then transferred to Nation Star. So we had a number of different parties, and even in the appellant's brief, they are claiming they have held the note and mortgage since 2013. The record belies that. And maybe they did, but it was never of record. We had U.S. Bank first appear as the holder of the note. That was back in the inception of this case, and Nation Star didn't appear in the case until, I guess, when they first filed the transfer of claim and then the notice of mortgage payment changes, which again, we used the notices of payment changes. We moved to strike them and obtained orders striking them, giving them adequate notice. Based all on the premise of the claim objection being sustained and the confirmed plan treating them as a general unsecured claim, which upon discharge would effectively eliminate this lien. Unless your honors have any further questions, we'll rest on our papers. Thank you, counsel. Mr. Larson, you have reserved some time. Your honors, I would just like to respond to a few of the points just raised. In particular, the plan, there was some discussion of the plan, in particular the modified plan, the fourth modified plan, which is the operative plan. The bankruptcy court found that that plan might not be binding on Nation Star because Mr. Ilicito did not serve Nation Star with the motion to modify that plan. Also, the order granting that motion also was not served on Nation Star. The bankruptcy court found that the operative plan might not bind Nation Star. Even if you look to that plan, it does not have race judicata effect here because an adversary proceeding is required to extinguish a lien and the plan itself did not even extinguish the lien. It just treated the claim as unsecured. Even if the plan is binding on Nation Star, which we submit that it most likely is not, especially given the unappealed ruling from the bankruptcy court, it did not actually extinguish Nation Star's mortgage lien. I'm sorry. I just want to make sure I have the facts straight. In my notes, I have down that the order granting the motion for an early payoff on the fourth modification plan was served on Nation Star. Are you saying that that's not correct? Right. The order granting the early payoff, I believe, was served on Nation Star, but there was a separate order granting the motion to modify the plan, to remove all future payments to Nation Star. Is that the motion to strike? No. This is docket 138. So there was a separate motion to remove all future payments to Nation Star. Actually, I believe it was docket 128 and 129. There was a motion to modify the plan. That was served on you and listed you as an unsecured creditor. Right. But the motion was not served at the proper address. It wasn't served at the address that we submitted with the court, either address that we submitted with the court. And the order on that plan was not served on us, and the bankruptcy court notes that. The order granting the modification of the plan in the bankruptcy court found that that plan might not bind us. So not only were we not served with the objection to the relevant claim, we weren't served with this order modifying the operative plan. So we have a case here where a lien has been extinguished, and the confirmed plan might not even bind us. But the order that was entered discharging once Ilicito fulfilled the obligations under the fourth modified plan was served on you through BCN. Right. We don't dispute that. However, if we look to the language of the order on the – Sorry, BNC. Right. The order on the objection to claim, I know that my opposing counsel mentioned that it stated that our lien would become void upon discharge. We view that as requiring further action from Mr. Ilicito to void the lien. And here he took further action because he filed a motion to void the lien, a motion to extinguish the lien. So it's evident to us that for that order, which we submit is void because it was entered without due process, but even if it is not void, further action was still required by Mr. Ilicito to void the lien. That language is not self-executing. Further action was required, especially we would submit in the form of an adversary proceeding. But Mr. Ilicito simply filed his motion, which we timely responded to and raised our concerns here. Mr. Larson, I asked you a question and didn't give you an opportunity to answer. Do you have any thoughts on the Supreme Court's decision on United Student Aid versus Espinoza requiring either actual notice or notice recently calculated where there was a violation of the bankruptcy rule and the Supreme Court then found that nevertheless there had not been no due process violation? I can't speak to that case as I don't believe it was briefed, but here I believe that we cited numerous cases where an objection to a claim was not properly served on a claimant, such as the In Re La Roche Industries case. And because of the improper service of the objection, that necessitates that the court deny a claim objection. But here it was granted. Relief was granted beyond that even requested by Mr. Ilicito. And finally, as I see my time is getting close to expiring, I would just like to point out that bankruptcy proceedings are proceedings in equity. Creditors must be treated equitably. The secured claim here was for $507,000. The planned payments came nowhere close to satisfying the secured claim. And now NationStar has no recourse because its lien has been improperly extinguished. So unless the court has any further questions, I would respectfully request this court reverse the decisions of the District Court and Bankruptcy Court and direct that our mortgage lien be reinstated. Thank you. Counsel, court will be in recess until 9 o'clock tomorrow morning.